UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LINCOLN ELECTRIC COMPANY, | ) | Case No. 1:06CV02981 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| MILLER ELECTRIC MFG. CO., et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

Pending before the court are defendants' motion for a stay pending patent reexamination, plaintiff's motion for oral argument on the stay, and defendants' motion to strike plaintiff's motion for oral argument. For the following reasons, the court grants defendants' motion for a stay and denies the other two motions as moot.

**I.    Background**

Plaintiff Lincoln Electric Company ("Lincoln") and defendants Miller Electric Mfg. Co. and Illinois Tool Works Inc. (collectively "ITW") both develop welding and related equipment, including new lines of patent-protected products. On December 13, 2006, Lincoln filed a complaint seeking a declaratory judgment of non-infringement and invalidity of eight of ITW's patents. On the same day, Lincoln filed for reexamination of seven of these patents with the Patent and Trademark Office (the "PTO").[1]

On July 3, 2007, ITW filed a motion to stay this case pending reexamination by the PTO. Subsequently, Lincoln amended its complaint, seeking a declaratory judgment that ITW's patents are unenforceable due to inequitable conduct. In its answer to the amended complaint, ITW brought

---

[1] A third party had previously filed for ex parte reexamination of the eighth patent.

counterclaims against Lincoln for patent infringement.

## II. Discussion

Congress intended the PTO reexamination process to be a relatively inexpensive and efficient means to review the validity of patents using the expertise of the PTO. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). In addition, reexamination can "facilitate trial of [an] issue by providing the district court with the expert view of the PTO. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). When reexamination proceeds concurrently with litigation concerning the same patents, a party to the litigation often seeks a stay of litigation pending reexamination. In such cases, the court has "inherent power to manage [its] dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon*, 849 F.2d at 1426-27 (citations omitted).

In determining whether to stay litigation pending PTO reexamination, courts generally weigh three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (citations omitted). For instance, a stay is justified when the "outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Slip Track Systems, Inc. v. Brady*, 159 F.3d 1337, 1341 (Fed. Cir. 1998). On the other hand, a stay may not be justified when a case is nearing trial, the non-moving party already has invested heavily in the litigation, and the stay sought exceeds two years. *Xerox*, 69 F. Supp. 2d at 407.

In this case, a stay is justified because a stay will simplify the issues in question and the trial of the case, discovery has just begun, and no trial date has been set. These factors outweigh any prejudice to Lincoln resulting from a delay in litigation, especially given that such a delay ultimately flows from Lincoln's own actions.

### A. Simplification of Issues

A stay will serve to simplify the issues in question and trial of the case. Here, both parties have raised claims regarding the validity of ITW's patents. Specifically, Lincoln has sought a declaratory judgment that ITW's patents are invalid. At the same time, ITW has asked this court to find that its patents have not been proved invalid. In the event that the PTO does not cancel or amend the claims, the expert view of the PTO will assist this court in determining the validity of the patents at issue. In addition, both parties have raised claims regarding infringement: Lincoln has asked for a declaratory judgment of non-infringement of ITW's patents, and ITW has brought an infringement claim against Lincoln. If the PTO cancels any of the claims, the parties will not need to litigate the infringement issues.[2] Thus PTO examination will simplify the issues in question and the trial of the case, regardless of whether the claims are cancelled.

A stay of the enforceability claims is also justified. Lincoln has asserted that a stay is not warranted because other issues will remain after reexamination, such as Lincoln's unenforceability claim. The cases upon which Lincoln relies, however, involve additional claims unrelated to patent invalidity and infringement, such as copyright and trademark infringement, unfair competition, breach of contract, and tort. *See IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1031-32 (C.D.

---

[2] Litigation of the infringement issues could also become moot if reexamination results in claim amendment.

Cal. 2005); *Cognex Corp. v. Nat'l Instruments Corp.*, No. 00-442-JJF, U.S. Dist. LEXIS 25555, at *5 (D. Del. June 29, 2001). None of those claims is present here. The only additional claim involved in this case is an unenforceability claim, which Lincoln argues is grounds for denying a stay. Lincoln relies upon a case in which a court denied a stay due in part to the presence of an unenforceability claim. In denying the stay, however, the court stated "[m]ost compelling ... is the fact that discovery here is almost completed and the case is set for trial." *Enprotech Corp. v. Autotech Corp.*, 15 U.S.P.Q.2D 1319, 1319 (N.D. Ill. 1990). Given that discovery has just begun and no trial date has been set in the instant litigation, there is no reason to deny the stay based on the unenforceability claim.

### B. Stage of Litigation

As Lincoln has conceded in its memorandum in opposition, "discovery has just begun and no trial date has been set." (Pl.'s Opp'n 14). Given the nascent stage of this litigation, Lincoln has not so invested in the suit that a stay would be unduly prejudicial.

### C. Prejudice

A stay will not unduly prejudice or present a clear tactical disadvantage to Lincoln, the non-moving party. Lincoln's primary argument regarding prejudice relates to the effects of delaying litigation, such as access to discoverable evidence and continued uncertainty in business operations. Although these concerns are real, at this early stage of litigation, they are outweighed by the other two factors. Furthermore, it was Lincoln who chose to initiate the reexamination process for seven patents: two ex parte reexaminations and five inter partes.[3] The statute governing inter partes

---

[3] Reexamination of the eighth patent was filed by a third party one year before Lincoln filed its complaint and its requests for PTO reexamination. Lincoln has stated that reexamination was essentially complete at the time it submitted its opposition to the stay.

reexamination specifically provides that:

> [T]he patent owner may obtain a stay of any pending litigation which involves an issue of patentability of any claims of the patent which are the subject of the inter partes reexamination order, unless the court before which such litigation is pending determines that a stay would not serve the interests of justice.

35 U.S.C. § 318 (2006). Thus Lincoln, in filing for inter partes reexamination of five of ITW's patents, should have been well aware of the possibility that ITW, the patent owner, might seek a stay of litigation, resulting in delay. Had Lincoln wanted to expedite litigation, it could have opted not to seek reexamination.

### III. Order

In light of the foregoing, the court grants ITW's motion for a stay. Lincoln's motion for oral argument and ITW's motion to strike are accordingly denied as moot.

IT IS SO ORDERED.

          /s/Ann Aldrich
          ANN ALDRICH
          UNITED STATES DISTRICT JUDGE

**Dated:** September 7, 2007