UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LINCOLN ELECTRIC CO., | ) | CASE NO.  1:06cv2981 |
| Plaintiff, | ) ) | |
| vs. | ) ) | JUDGE SARA LIOI |
| MILLER ELECTRIC MFG. CO, et al., | ) ) | |
| Defendants. | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** [Resolving Doc. 69] |

This matter comes before the Court on Plaintiff's renewed motion (Doc. 69) to lift the stay previously imposed by the Court pending the outcome of the reexamination proceedings by the United States Patent and Trademark Office ("PTO"). Defendants oppose Plaintiff's motion.  For the reasons set forth herein, the motion is DENIED.

**I. BACKGROUND**

Plaintiff originally filed this action on December 12, 2006 (Doc. 1), the same day on which it filed for reexamination of the patents in question before the PTO.[1] Defendants moved to stay this matter on July 3, 2007 (Docs. 35, 36), before the Court had even held a case management conference and before discovery had commenced. The Court granted the motion to stay (Doc. 52) on September 7, 2007, and on August 7, 2009, administratively closed the case

---

[1] The patents at issue here are the five undergoing *inter partes* reexamination by the PTO. There are three additional *ex parte* reexaminations that have concluded and with which this motion is not concerned.

"subject to reopening upon written motion by any of the parties," ordering that the parties "immediately inform the court when the PTO reexamination is completed." (Doc. 60.)

Plaintiff moved to lift the stay on October 26, 2009 (Doc. 61), arguing that "[t]he original reason for the stay – allowing the PTO to reexamine the patents at issue – [was] substantially resolved" in that the prosecution of the claims was closed or nearly closed. (Doc. 61-1 at 1.) No certificates of reexamination had issued at that time. Defendants opposed Plaintiff's motion, which the Court denied on January 26, 2010. (Doc. 65.)

After the death of Judge Ann Aldrich, to whose docket this matter was originally assigned, Plaintiff moved for reassignment of the case and a case management conference, as well as a briefing schedule for filing a renewed motion to lift the stay. (Doc. 67.) The undersigned was then assigned to the case and permitted Plaintiff to file the instant renewed motion to lift the stay. Plaintiff filed its motion on June 28, 2010. Defendants filed their opposition on July 13, 2010. (Doc. 71.) Plaintiff replied on July 19, 2010. (Doc. 72.)

For purposes of this motion, it is unnecessary to review the subjects of the various patents at issue in this matter. It will suffice simply to note that the Court is focused upon the five patents undergoing *inter partes* examination by the PTO. Each of these patents is at a different stage in the reexamination process, but none has been determined by the PTO.

## II. LEGAL STANDARD

Under § 318 of the Patent Act,

> Once an order for inter partes reexamination of a patent has been issued [ . . . ] the patent owner may obtain a stay of any pending litigation which involves an issue of patentability of any claims of the patent which are the subject of the inter partes reexamination order, unless the court before which such litigation is pending determines that a stay would not serve the interests of justice.

35 U.S.C. § 318. This was the section of the Patent Act under which the Court originally granted Defendants' motion to stay. *See* Doc. 52 at 4-5.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n. 6 (1998) (quoting *Landis*, 299 U.S. at 254-55. "Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (citations omitted).

As the Court noted in its September 2007 opinion granting the stay in this matter, a court weighs three factors in considering a motion to stay proceedings pending reexamination: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." (Doc. 52 (quoting *Xerox Corp. v. 3ComCorp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999))). Having weighed those issues, the Court concluded that a stay would "simplify the issues in question and the trial of the case," and imposed a stay. (Doc. 52 at 3.)

### III. ANALYSIS

Plaintiff asserts that the stay currently in place is not mandated by statute, namely § 318 of the Patent Act, and that continued stay of this litigation imposes a variety of hardships

3

on its business, as well as delaying its potential recovery and denying it its day in court. It moves the Court to lift the stay at least as to the antitrust and state law claims, which it claims will not be affected by the completion of the reexamination process.

As evidence of undue prejudice, Plaintiff notes several issues. First, it claims that the reexamination process may not be truly concluded in under three and a half years, once any appeals have been taken from the PTO's determination. This would force Plaintiff to operate its business under a cloud of uncertainty, which would interfere with product development and forestall its recovery of damages. As time passes, Plaintiff argues, witnesses' memories fade and potential evidence is lost, while Defendants continue to dominate the market in which the parties compete. Finally, it contends that courts look with disfavor on "stays of indefinite duration," as it characterizes this stay.

Moreover, it asserts, "the circumstances that impacted the Court's original decision to implement a stay no longer exist," because the reexamination proceedings are complete or nearly complete. (Doc. 69-1 at 11.) Given the progress of the reexaminations, Plaintiff asserts that further delay in hopes that the PTO's determination will simplify issues is fruitless because the proceedings have reached such a stage that the PTO's decisions are apparent, though they have not officially issued. Further, Plaintiff contends that its antitrust and state law claims are unlikely to change regardless of the PTO's determinations. The Court will address each of Plaintiff's arguments in turn, though not in the order in which Plaintiff has presented them.

### 1. Necessity of stay

Plaintiff is correct that § 318 of the Patent Act does not mandate a stay in this situation. However, it certainly permits the imposition of a stay within the discretion of the

district court and with proper deference to the administration of justice. In initially imposing this stay, the Court considered the respective positions of the parties and concluded that a stay was appropriate. That reasoning has not changed simply because this matter was then transferred to the undersigned. As set forth below, the PTO has yet to issue its ruling regarding the *inter partes* reexaminations, and the discretionary stay imposed by the Court therefore remains in place

### 2. Imminence of a decision

Plaintiff contends that the decision from the PTO on reexamination is imminent, but that appeals could take several years to conclude. Therefore, Plaintiff reasons, the Court should permit discovery to proceed, particularly on the antitrust and state law claims, with the assurance that the reexamination decision will be forthcoming but without waiting for the potentially lengthy appeals process to conclude.

When Plaintiff moved in October 2009 for the Court to lift the stay in this matter, it represented that, while the reexamination proceedings were not entirely completed, prosecution had closed in all of the *inter partes* reexaminations, meaning that they were nearly complete. *See* Doc. 61-1 at 6; 61-2. Plaintiff maintained that waiting for official decisions at the conclusion of the appeal process could take upwards of four years and was unnecessary, as little was likely to change on appeal. Plaintiff's argument has changed very little since that time.

Reexamination of a patent is completed when a certification canceling or confirming the patent issues from the PTO. *See* 35 U.S.C. § 316; 37 C.F.R. § 1.997(a). The Court notes that reexamination certificates will not issue on these patents until either the appeals are completed or, if no appeal is taken, the time for filing an appeal has expired. Plaintiff asserts that the Court's maintaining the stay in this matter until the conclusion of all the appeals would

amount to a stay of "indefinite duration." (Doc. 69-1 at 8.) Such stays, it argues, are disfavored by the courts. *See Landis*, 299 U.S. at 255.[2]

Although Plaintiff has twice moved to lift the stay and the *inter partes* reexaminations appear to be approaching completion, the PTO has yet to make any rulings or to issue its notice of the right to appeal. Plaintiff is now attempting to cross the bridge before it has even seen the water: though it paints pictures of stays of indefinite duration while appeals pend before the Board of Patent Appeals and Interferences ("Board"), no rulings have issued from the PTO from which either party could appeal such that the question of maintaining the stay throughout the appeals process would arise. In short, the Court does not intend to impose a stay of indefinite duration. However, it does intend to await a ruling from the PTO so that it may have a basis upon which to proceed with this matter.[3] Should the parties then choose to appeal from that ruling, the parties may seek to have the appeal run concurrently with these proceedings. But until such a ruling issues on each of the *inter partes* patents, the Court will not order the parties to engage in potentially futile or misdirected discovery that could be rendered moot by a decision from the PTO.

In addition, Plaintiff has argued that rulings from the PTO will not affect the antitrust and state law claims, and that those claims should proceed at least with paper discovery. Perhaps Plaintiff will be correct that the PTO's rulings will have no effect on those claims.

---

[2] Plaintiff also cited *Akzenta Peneele + Profile, GmbH v. Unilin Flooring N.C. LLC*, 464 F. Supp. 2d 481, 485 (D. Md. 2006) in support of its position that lengthy stays in light of patent reexaminations are disfavored. The situation in *Akzenta* was substantially different than in this matter: The plaintiff was the patent-holder and had brought suit against the defendant for infringement. *Id.* at 482-83. The plaintiff had sought reexamination before the PTO after the defendant amended its answer, asserting inequitable conduct by the plaintiff. *Id.* The plaintiff then sought to stay the district court proceedings pending the PTO's decision, at a point at which the discovery deadline loomed. *Id.*

[3] The Court acknowledges that, in its original order denying Plaintiff's motion to lift the stay, it expressed an intention to await the completion of the appeals process before the Board. *See* Doc. 65 at 4. However, it is aware that the proceedings before the PTO have pended for some time and it does not intend that these proceedings will pend indefinitely. Therefore it does not foreclose the possibility of commencing discovery as the parties pursue any appeals they may wish to bring.

However, if the PTO is as close to issuing rulings as Plaintiff claims, the delay will be minimal. The Court will await rulings.

### 3. Prejudice

Though Plaintiff has the right to pursue both reexamination before the PTO and an action before this Court simultaneously, the decision to do so impacts these proceedings by adding an element of uncertainty. Plaintiff insists that no such element exists. Defendants argue that Plaintiff has suffered no prejudice and has continued to prosper financially.

The Court declines to rely upon Defendants' representations regarding Plaintiff's finances, which are irrelevant to the issue at hand. Instead, the Court simply takes notice of the fact that Plaintiff, who does not hold the patents at issue in this matter, both brought this action and sought reexamination simultaneously. Courts frequently stay proceedings pending reexamination so that they may avoid the very situation the Court now seeks to avoid, namely the interposition of a PTO ruling that would invalidate or moot the Court's own rulings. *See, e.g., Equipements de Transformation IMAC v. Anheuser-Busch Cos., Inc.*, 559 F. Supp. 2d 809 (E.D. Mich. 2008); *United Sweetener USA, Inc., v. Nutrasweet Co.*, 766 F. Supp. 212 (D.Del. 1991); *Canady*, 271 F. Supp. 2d at 75 ("[W]here issues require technical expertise and that expertise is available through an administrative agency, the court should allow that agency to come to a final determination before rendering a decision on that issue.") (citing *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 735 (1998); *Pfizer Inc., v. Shalala*, 182 F.3d 975, 978 (D.C. Cir. 1999) (pending administrative proceedings render motions in court proceedings unripe).

Plaintiff asserts prejudice in several different forms, but none of its allegations— which include a cloud over its business dealings, hindered product development and Defendant's dominance in the market—is concrete and decidedly attributable to a stay of these proceedings,

nor was any of them unforeseeable in light of Plaintiff's decision to seek reexamination. In keeping with the precedent laid out above and in an exercise of its discretion, the Court intends to maintain the stay currently in place in this matter until determinations issue from the PTO.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to lift the stay is DENIED. This matter will remain administratively closed, subject to reopening upon written motion by any of the parties, who shall inform the Court when the PTO issues determinations in this matter.

**IT IS SO ORDERED**.

Dated: March 17, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**